[Cite as *State v. Shontee*, 2017-Ohio-5831.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27393 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-1878 |
| | : | |
| JASON T. SHONTEE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of July, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL SCARPELLI, Atty. Reg. No. 0093662, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

MICHAEL MILLS, Atty. Reg. No. 0092133, 371 West First Street, 2nd Floor, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

**{¶ 1}** Jason Shontee appeals from his November 30, 2016 conviction and sentence to 21 years in prison for the offenses of one count of voluntary manslaughter, a first-degree felony, with an accompanying R.C. 2941.145 three-year firearm specification and a R.C. 2941.149 repeat violent offender specification; and one count of having weapons while under disability (prior offense of violence), a third-degree felony. Shontee's counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there is no issue with arguable merit to be raised in this appeal. By order filed March 2, 2017, we informed Shontee that the *Anders* brief had been filed and advised him of his right to file his own brief and the time limit for doing so. Shontee has not filed a pro se brief, and the time for filing has expired.

### The Facts and Course of Proceedings

**{¶ 2}** Appellant admitted to police that on June 13, 2016 he shot Robert Hildebrand three or four times in the chest after the two had engaged in an argument. Hildebrand had complained to the police two days earlier that Hildebrand had video surveillance of Shontee breaking out windows at the apartment complex where Shontee said they were both "squatters." Shontee claimed that at the time of the shooting, Hildebrand had a "nail stick" (a stick with a nail protruding for picking up cans) and Hildebrand threatened Shontee not to come back to the apartment or Hildebrand would kill him. Shontee claimed he lost control, and because he was so angry, he took out his gun and shot Hildebrand, killing him.

**{¶ 3}** Shontee was indicted for two counts of murder, the proximate result of committing felonious assault (deadly weapon) and the proximate result of committing

felonious assault (serious physical harm). Each murder count had both a three-year firearm specification and a repeat violent offender specification predicated on Shontee's prior convictions for second-degree felony robbery in 1992 and for first-degree felony aggravated robbery in 2001. The indictment included two counts of felonious assault (deadly weapon and serious physical harm), and both of those counts also had a firearm and an RVO specification. The final count in the indictment was for having weapons while under a disability.

{¶ 4} On November 8, 2016 Shontee appeared in court with counsel, and a plea agreement was recited on the record. Shontee would plead guilty by bill of information to voluntary manslaughter, a first-degree felony, with both a three-year firearm specification and an RVO specification. Shontee would also plead guilty to the indicted charge of having weapons while under a disability. The remaining indicted charges would be dismissed. The agreement called for the maximum prison sentence of 11 years on the manslaughter charge, a required consecutive three years for the firearm specification and a mandatory consecutive sentence to be determined by the court for the RVO specification. "The agreed sentencing range is that he receive between 15 to 21 years; each side will take their position with respect to what sentence he would receive in that range." (Plea Transcript p. 4-5). Shontee also agreed that he would pay restitution with respect to funeral expenses.

{¶ 5} The trial court then reviewed with Shontee the bill of information and waiver of indictment forms that he signed during the proceeding. The trial court scrupulously complied with Crim.R. 11 and reviewed with Shontee the applicable penalties and consequences of his plea agreement with the state. The penalty for the manslaughter

charge was to be the maximum of 11 years, the three-year firearm specification would be three more consecutive years, and the RVO specification, which could have been a potential of one to ten more consecutive years, would be limited by the agreement to one to seven more consecutive years for a total of 15 to 21 years. The court explained that each of those penalties was for mandatory incarceration. The court also reviewed with Shontee the applicable penalties and post-release control for the weapons under disability charge. Absent the agreement on the sentencing range, Shontee could have been sentenced to an aggregate of 27 years in prison. Although not detailed by the court, had he been convicted of all of the indicted charges, Shontee faced a potential sentence of 31 years to life in prison.

{¶ 6} Shontee and his attorney signed entry of waiver and plea forms that included the plea agreement, the rights he was waiving, the applicable penalties, and post-release control. The court determined he understood the nature of the offense, the effect of his pleas, and that he made his pleas voluntarily. A presentence investigation report was ordered.

{¶ 7} On November 29, 2016, Shontee was sentenced to 11 years in prison for the manslaughter charge, consecutive to the three-year firearm specification, consecutive to seven years for the RVO specification and concurrent to three years for the WUD charge, for an aggregate sentence of 21 years in prison. The court imposed five years of mandatory post-release control for the manslaughter charge and three years of discretionary post-release control for the weapons under disability charge.

### Potential Assignments of Error

{¶ 8} In the brief, counsel suggests that this court review three potential

assignments of error but does not present any analysis for any of them. They are 1) whether appellant received effective assistance of counsel; 2) whether the trial court erred by imposing the maximum sentence in the range of the plea agreement; and 3) whether the trial court complied with Crim.R. 11 in accepting the pleas.

{¶ 9} We simply find nothing in the record to support an argument that counsel was ineffective. There were several witnesses to the shooting. Shontee admitted he shot and killed the victim. His only explanation was that he was angry and lost control. Counsel negotiated a plea agreement that eliminated a potential life sentence. An assignment of error that trial counsel was ineffective would be frivolous.

{¶ 10} Likewise, we find no reasonable argument can be made that the trial court erred by sentencing Shontee to 21 years in prison when he agreed that his sentencing range would be from 15 to 21 years. R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." We have held that a sentence within a jointly-recommended range is a jointly-recommended sentence for purposes of R.C. 2953.08. *State v. Chattams*, 2d Dist. Montgomery No. 26151, 2015-Ohio-453, ¶ 5. *Compare State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4, fn. 2. Shontee is not entitled to appeal his agreed sentence. An assignment of error to the contrary would be frivolous.

{¶ 11} It would also be frivolous to assign as error that the trial court failed to comply with Crim.R. 11. We have reviewed the transcript containing the recitation of the plea agreement and the plea itself. As indicated, the trial court fully complied with Crim.R.

11 and accepted Shontee's voluntary plea. There is nothing in the record to the contrary.

### *Anders* **review**

**{¶ 12}** We have conducted a thorough and complete examination of all the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders* at 744. We have reviewed the docket, the various filings, the written transcript of the plea and sentencing hearings, the presentence investigation report, and the sentencing entry. We have found no non-frivolous issues for review. Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Michael Scarpelli
Michael Mills
Hon. Mary K. Huffman