[Cite as *State v. Lumford*, 2018-Ohio-1949.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2017-CA-71, |
| | : | 2017-CA-72 |
| v. | : | |
| | : | Trial Court Case Nos. 2017-CR-0234, |
| CHONTAY LUMFORD | : | 2016-CR-0009 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of May, 2018.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

JAMES S. SWEENEY, Atty. Reg. No. 0086402, 341 South Third Street, Suite 100, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} This matter comes before us on two consolidated appeals by defendant Chontay Lumford. In appellate case number 2017-CA-71, Lumford appeals from her conviction and sentence following a guilty plea to one count of having a weapon while under disability. In appellate number 2017-CA-72, she appeals from the trial court's revocation of community control and its imposition of prison sentences in a prior case based on the weapon-under-disability conviction.

{¶ 2} In her sole assignment of error, Lumford contends the trial court's sentencing decision in the two cases "was not supported by the record and was contrary to law."

{¶ 3} The record reflects that Lumford pled guilty to three drug-possession charges in March 2016. In exchange for the plea, the State dismissed three drug-trafficking charges and agreed to recommend community-control sanctions. The trial court accepted the plea and imposed community control, subject to conditions to which Lumford agreed. One special condition to which she agreed stated: "If the defendant violates any terms of her community control she could be sentenced to the Ohio State Penitentiary for one (1) year on each count to be served consecutively for a total of three (3) years." In addition, the trial court advised her at sentencing that if she violated community control, it would impose three consecutive one-year prison sentences. (March 31, 2016 Transcript at 6).

{¶ 4} Thereafter, in July 2017, Lumford pled guilty to having a weapon while under disability. In exchange for the plea, the State dismissed a child-endangering charge and a firearm specification. The parties also agreed to a nine-month prison sentence. Prior to sentencing, Lumford admitted that her conviction in the weapon-under-disability case violated the terms of her community control. After accepting Lumford's admission, the trial

court reviewed a PSI report and proceeded to sentencing in both cases. In the weapon-under-disability case, the trial court imposed the agreed nine-month prison sentence. For the community-control violation in the drug case, the trial court imposed three one-year prison sentences, which it ordered to be served consecutively to one another and consecutively to the nine-month prison sentence.

{¶ 5} On appeal, Lumford contends her consecutive one-year prison sentences are contrary to law because they are inconsistent with the purposes of sentencing in R.C. 2929.11 and are unsupported by the seriousness and recidivism factors in R.C. 2929.12. She also contends the record fails to support the trial court's consecutive-sentence findings under R.C. 2929.14(C)(4). She argues:

> Appellant's total sentence of three years and nine months is draconian and is not supported by the record. Appellant will concede that her [nine-month] sentence on case no. 17-CR-0234, standing alone, would be not contrary to law. However, this sentence combined with a maximum sentence on three non-violent felonies of the fifth degree, all of which are running consecutive, is contrary to law, and is not supported by the record. Rather, these consecutive sentences are disproportionate to the seriousness of her conduct, given the nature of these charges and the lack of any harm presented during either of Appellant's two disposition hearings. Thus, there was nothing in the record of the August 4, 2017 hearing that supported the imposition of consecutive sentences.

(Appellant's brief at 5-6).

{¶ 6} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or

modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. In general, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2d Dist. Montgomery No. 26307, 2016-Ohio-1269, ¶ 25.

{¶ 7} Here each of Lumford's individual sentences is within the authorized statutory range. Although the trial court did not specifically mention the principles and purposes of sentencing or the seriousness and recidivism factors, "[o]n a silent record, a trial court is presumed to have considered the statutory purposes and principles of sentencing, and the statutory seriousness and recidivism factors." *State v. Goldblum*, 2d Dist. Montgomery No. 25851, 2014-Ohio-5068, ¶ 50. In addition, no specific findings were required under R.C. 2929.11 or R.C. 2929.12. *State v. Hand*, 2d Dist. Clark No. 2016-CA-51, 2017-Ohio-7340, ¶ 6. Therefore, Lumford's individual sentences are not contrary to law. The trial court's imposition of consecutive sentences also is not contrary to law because it made the findings required by R.C. 2929.14(C)(4). *Id.* at ¶ 12. Finally, the nine-month sentence for having a weapon while under disability is not appealable in any event because it is authorized by law and is an agreed sentence. *State v. Shontee*, 2d Dist. Montgomery No. 27393, 2017-Ohio-5831, ¶ 10.

{¶ 8} The remaining issue is whether the record fails to support the individual one-year sentences or the trial court's imposition of consecutive sentences. Where a sentence is not contrary to law, we may modify or vacate it only if we find by clear and convincing

evidence that the record does not support it. *Marcum* at ¶ 7. This standard applies to Lumford's individual sentences and to the trial court's findings in support of consecutive sentences. *Id.* at ¶ 22-23.

{¶ 9} The record before us does not clearly and convincingly fail to support the trial court's presumed consideration of the statutory principles and purposes of sentencing or the seriousness and recidivism factors. Lumford asserts that only one of the "seriousness" factors applied to her offenses and that consecutive one-year prison sentences for non-violent drug offenses is not the minimum sanction necessary to accomplish the purposes of felony sentencing. (Appellant's brief at 4). But the record does not clearly and convincingly fail to support the trial court's contrary conclusion.

{¶ 10} The "purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶ 11} The facts underlying Lumford's drug convictions in the 2016 case support the imposition of three one-year prison sentences in the event that she violated community control. Those convictions stemmed from a traffic stop during which she was found with heroin and crack cocaine in her vaginal area and $974 in her bra. Lumford's young child was with her in the car. She was indicted for third-degree felony aggravated drug trafficking, third-degree felony trafficking in heroin, fourth-degree felony trafficking in

cocaine, and three counts of fifth-degree felony drug possession. Lumford benefitted from a favorable plea agreement under which she pled guilty to the possession charges in exchange for dismissal of the more serious trafficking charges and the State's agreement to recommend community control. The trial court accepted the agreement and imposed community control. When doing so, however, it warned her that it would impose consecutive one-year prison sentences if she violated community control.

{¶ 12} One year after Lumford's sentencing in the drug case, police executed a search warrant at her residence. They found a loaded handgun in a master bedroom dresser drawer that contained female clothing. Police also found a digital scale and suspected fentanyl on a living room coffee table. Lumford's two children, one of whom was eight years old, were present at the time. She was indicted for having a weapon while under disability (with a firearm specification) and child endangering. As set forth above, she pled guilty to the weapon-under-disability charge in exchange for dismissal of the firearm specification and the child-endangering charge and an agreed nine-month prison sentence.

{¶ 13} The foregoing facts demonstrate that Lumford disregarded the treatment opportunity she received in the drug case, as well as the trial court's warning, by continuing to engage in drug-trafficking behavior in the presence of children. Her extensive past juvenile record (thefts, domestic violence, robbery, falsification, vandalism, resisting arrest, receiving stolen property), prior adult misdemeanor convictions (disorderly conduct, falsification, domestic violence), and extensive driving record (including repeated convictions for driving without a license, driving under suspension, speeding, and other offenses) also demonstrate a longstanding pattern of disregarding

the law. Given Lumford's history, the fact that she benefitted significantly from the dismissal of drug-trafficking charges, and her decision to ignore the trial court's admonition when it imposed community control, we cannot say the imposition of three one-year prison sentences for the drug convictions clearly and convincingly is unsupported by the record. To the contrary, the trial court reasonably could have found this punishment consistent with the principles and purposes of felony sentencing and its consideration of the statutory seriousness and recidivism factors.

{¶ 14} We reach the same conclusion, for essentially the same reasons, with regard to the trial court's findings under R.C. 2929.14(C)(4). The trial court found that consecutive service is necessary to protect the public from future crime and to punish Lumford. It also found that consecutive sentences are not disproportionate to the seriousness of her conduct and to the danger she poses to the public. The trial court then found that Lumford's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. Finally, it found that the weapon-under-disability offense was committed while she was on community control for the drug offenses. These findings satisfied R.C. 2929.14(C)(4), and the record does not clearly and convincingly fail to support them. Rather, the facts set forth above fully support the trial court's consecutive-sentence findings.

{¶ 15} Lumford's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and DONOVAN, J., concur.

Copies mailed to:

Andrew P. Pickering
James S. Sweeney
Hon. Douglas M. Rastatter