**[Cite as *State v. Shontee*, 2022-Ohio-4319.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29433 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-1878 |
| | : | |
| JASON T. SHONTEE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of December, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
 Attorney for Plaintiff-Appellee

JASON T. SHONTEE, #730-826, P.O. Box 69, London, Ohio 43140
 Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Jason T. Shontee appeals from the trial court's order denying his public records request. For the reasons that follow, we affirm the trial court's decision.

I.      Facts and Course of Proceedings

{¶ 2} On June 21, 2016, a Montgomery County grand jury indicted Shontee on two counts of murder, two counts of felonious assault, and one count of having weapons while under a disability. On November 6, 2016, Shontee appeared in court with counsel, and a plea agreement was recited on the record. Pursuant to this agreement, Shontee pled guilty to voluntary manslaughter and having weapons while under a disability. The trial court sentenced him to an aggregate sentence of 21 years in prison. Shontee filed a timely notice of appeal from his conviction.

{¶ 3} On appeal, counsel for Shontee filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there were no issues with arguable merit to be raised in the appeal. We informed Shontee that the *Anders* brief had been filed and advised him of his right to file his own brief and the time limit for doing so. Shontee did not file a pro se brief. Shontee's counsel suggested that we review three potential assignments of error but did not present any analysis for any of them. We reviewed these three suggested assignments of error as well as the docket, the various filings, the written transcript of the plea and sentencing hearings, the presentence investigation report, and the judgment entry. We concluded that "[w]e have found no

non-frivolous issues for review." *State v. Shontee*, 2d Dist. Montgomery No. 27393, 2017-Ohio-5831, ¶ 12. Accordingly, on July 14, 2017, we affirmed the judgment of the trial court. *Id.*

{¶ 4} On December 16, 2021, Shontee filed a "motion for copy of public record" in the Montgomery County Court of Common Pleas. The motion stated, in part:

> I written a request to Montgomery County Clerk of Courts for my public records, the clerk stated the request is subject to approval from the Judge that sentenced me (or their successor) according to Section 149.43(B)(8) of the Ohio Revised Code.
>
> Once I obtain the Court's permission to receive the copies I have requested I must resubmit my public record request along with a copy of the signed order. Thank you your Honor for your time.

Shontee then listed the following "documents requested": (1) plea; (2) bill of particulars; (3) court docket sheet; (4) indictment; (5) criminal complaint; (6) affidavit to establish probable cause; (7) criminal rule 16 (demand) for discovery; and (8) sentencing entry.

{¶ 5} The trial court denied Shontee's motion on December 17, 2021. Shontee filed a notice of appeal from the trial court's denial.

II. The Trial Court Did Not Abuse Its Discretion by Denying Shontee's Motion

{¶ 6} Shontee's sole assignment of error states:

> THE COMMON PLEAS COURT ERRED IN DENYING APPELLANT'S REQUEST FOR LEAVE TO REQUEST PUBLIC

RECORDS PURSUANT TO ORC 149.43(B)(8) AND STATE EX REL. CASTER V. CITY OF COLUMBUS, 151 Ohio St.3d 425 BECAUSE THE INFORMATION SOUGHT IN THE PUBLIC RECORD WAS NECESSARY TO SUPPORT THE POSTCONVICTION PETITION APPELLANT WISHED TO FILE ALONG WITH THE INFORMATION SOUGHT IN THE PUBLIC RECORD.

{¶ 7} An inmate may seek appellate review of a trial court's denial of his request for public records. Such orders are reviewed for an abuse of discretion. *State v. Lather*, 6th Dist. Sandusky No. S-08-036, 2009-Ohio-3215, ¶ 11, citing *State ex rel. Rittner v. Barber*, 6th Dist. Fulton No. F-05-020, 2006-Ohio-592, ¶ 31. The term "abuse of discretion" indicates an attitude that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 8} As an incarcerated individual, R.C. 149.43(B)(8) applied to Shontee's public records request. That statute provides, in pertinent part:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction * * * to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution * * * unless * * * the judge * * * finds that the information sought in the public record is necessary to support what

appears to be a justiciable claim of the person.

**{¶ 9}** This statute "sets forth heightened requirements for inmates seeking public records, and requires an incarcerated criminal defendant to demonstrate that the information he is seeking * * * is necessary to support a justiciable claim or defense." (Citations omitted.) *State v. Gibson*, 2d Dist. Champaign No. 2006-CA-37, 2007-Ohio-7161, ¶ 13. Establishing a justiciable claim ordinarily involves identifying " 'a pending proceeding with respect to which the requested documents would be material.' " (Citations omitted.) *State v. Heid*, 4th Dist. Scioto No. 14CA3655, 2015-Ohio-1467, ¶ 14.

**{¶ 10}** In Shontee's motion, he did not identify any justiciable claim for which he needed the requested records. Further, there was no pending proceeding for which Shontee needed the requested records. Instead, he states, for the first time on appeal, that he needed the records "to append to the post-conviction petition Appellant wished to file." Appellant's August 15, 2022 Brief, p. 3. He then cites to a "Sworn Affidavit of Truth" attached to his appellate brief. The affidavit was signed on June 23, 2022, well after the trial court's denial of his motion. In short, this affidavit was not presented to the trial court, and it is not part of the record upon which we must base our decision. Based on the record before us, we must conclude that Shontee did not fulfill his obligation to identify for the trial court a justiciable claim for which he needed the requested records. R.C. 149.43(B)(8). Therefore, the trial court did not abuse its discretion in denying his motion.

**{¶ 11}** Finally, Shontee cites *State ex rel. Caster v. Columbus*, 151 Ohio St.3d 425, 2016-Ohio-8394, 89 N.E.3d 598, in support of his argument that the trial court should

have granted his motion. However, the Ohio Supreme Court has held that its decision in *Caster* does not affect an incarcerated person's obligation to comply with R.C. 149.43(B)(8). *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 157 Ohio St.3d 483, 2019-Ohio-4201, 137 N.E.3d 1171, ¶ 11-12.

{¶ 12} Shontee's assignment of error is overruled.


III. Conclusion

{¶ 13} Having overruled Shontee's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Jason T. Shontee
Hon. Mary Katherine Huffman