[Cite as *State v. Butts*, 2024-Ohio-665.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | | No. 112881 |
| TAMIR BUTTS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 22, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-622310-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Tamir Butts, appeals from the trial court's May 2023 judgment denying his petition to vacate or set aside judgment of

conviction or sentence ("PCR petition").  After a thorough review of the facts and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2}   The following history of this case is primarily summarized from this court's decision in Butts's direct appeal, *State v. Butts*, 8th Dist. Cuyahoga No. 108381, 2020-Ohio-1498.[1]

{¶ 3}   In 2017, Butts was charged in a 16-count indictment.  Four counts charged rape; all sexually violent predator specifications. Three of the counts contained furthermore specifications that the victim was under ten years of age at the time of the rapes and Butts forced the victim to submit by force or threat of force, and one count contained a furthermore specification that the victim was between the ages of ten and 13 at the time of the rape and Butts forced the victim to submit by force or threat of force.  Butts was also charged with four counts of gross sexual imposition, all of which contained sexually violent predator specifications.  *Id.* at ¶ 4.

{¶ 4}   Butts was additionally charged with four counts of kidnapping; all contained sexual motivation and sexually violent predator specifications.  Three of the counts contained a furthermore specification alleging that the victim was under

---

[1] The following decisions have been issued since Butts's direct appeal:  *reopening denied, State v. Butts*, 8th Dist. Cuyahoga No. 108381, 2020-Ohio-5011; *discretionary appeal not allowed, State v. Butts*, 161 Ohio St.3d 1440, 2021-Ohio-375, 162 N.E.3d 824; and *writ of habeas corpus dismissed, objection overruled, certificate of appealability denied, sub nom. Butts v. Black*, N.D.Ohio No. 1:22-cv-00257, U.S. Dist. LEXIS 7333 (Jan. 16, 2024).

the age of 13, Butts was not a parent of the victim, and that the offense was committed with a sexual motivation; one of the counts contained a furthermore specification alleging that the victim was under the age of 18 and that Butts was not a parent of the victim. The final charges consisted of four counts of endangering children and contained furthermore specifications alleging that the offense caused serious physical harm to the victim. *Id.*

{¶ 5} The charges stemmed from Butts's sexual abuse of his girlfriend's daughter beginning in 2008 when she was seven years old and continuing through when she was eight and nine years old. *Id.* at ¶ 2. The victim disclosed the abuse in 2017. *Id.* at ¶ 3. There is indication in the record that, based on educational records, the victim may have had "significant developmental and cognitive issues * * * [which could have] increased[d] potentials for victimization." Exhibit No. 1 PCR petition, p. 7, record at 79.

{¶ 6} Butts waived his right to a jury trial on the sexually violent predator specifications, and they were determined by the court. The matter proceeded to a jury trial on the underlying charges and the remaining specifications. The state dismissed the following: (1) the one rape count with the furthermore specification that the victim was between the ages of ten and 13 at the time of the rape and Butts forced the victim to submit by force or threat of force; (2) one count of gross sexual imposition; (3) the kidnapping count with the furthermore specification alleging that the victim was under the age of 18 and that Butts was not a parent of the victim; and (4) one count of endangering children. *Id.* at ¶ 6.

**{¶ 7}** At the conclusion of the state's case, Butts made a Crim.R. 29 motion for judgment of acquittal. The trial court denied the motion as it related to the remaining rape, gross sexual imposition, and kidnapping counts and amended the remaining three endangering children counts from second-degree felonies to first-degree misdemeanors by deleting the furthermore specifications. *Id.* at ¶ 8.

**{¶ 8}** The jury found Butts guilty on the remaining three rape counts and furthermore specifications; the trial court found him not guilty on the sexually violent predator specifications. On the remaining gross sexual imposition counts, the jury found Butts guilty on two counts and not guilty on one count; the trial court found him not guilty on the attendant sexually violent predator specifications. Further, the jury found Butts guilty of the remaining three kidnapping counts, along with the underlying furthermore and sexual motivation specifications. *Id.* at ¶ 9.

**{¶ 9}** The trial court sentenced Butts to a prison term of life with the possibility of parole after 25 years. *Id.* at ¶ 10. Butts filed a direct appeal in which he challenged certain testimony presented by the state's expert as well as his sentence. *Id.* at ¶ 11.

**{¶ 10}** Regarding the expert testimony, Butts contended that the trial court impermissibly allowed the expert to testify to matters beyond the scope of her expertise. *Id.* at ¶ 11-12. The majority, reviewing under plain error, disagreed. *Id.* at ¶ 23-26. Moreover, the *Butts* majority found that, even if the testimony had been improper, "[i]n light of the overwhelming evidence of [Butts's] guilt presented at

trial, [Butts] cannot demonstrate that but for [the expert's] testimony * * *, the outcome at trial would have clearly been different." *Id.* at ¶ 27.[2]

{¶ 11} In May 2020, shortly after this court affirmed Butts's convictions, he filed his PCR petition. In May 2023, the trial court denied the petition. Butts appeals, raising the following sole assignment of error for our review: "The trial court errored by failing to grant the petition for post-conviction relief."

**Law and Analysis**

{¶ 12} In his PCR petition, Butts contended that he was denied the effective assistance of trial counsel based on his attorney's failure to call Dr. Sandra McPherson as an expert witness. Dr. McPherson prepared a report in which she discussed "grooming" and how it relates to disclosure by child sexual assault victims. She also discussed proper interviewing techniques of such victims. Butts contended that his attorney's failure to present Dr. McPherson prejudiced him and undermined confidence in the outcome of the trial. Butts appended Dr. McPherson's report to his petition.

{¶ 13} A PCR petition is a collateral civil attack on a criminal judgment and is governed by R.C. 2953.21(A)(1)(a), which provides in pertinent part:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio

---

[2] One panel judge concurred in judgment only, stating that she would find that the issue was preserved for appeal. *Id.* at ¶ 59 (Gallagher, E.A., J., concurring in judgment only). The concurring-in-judgment-only judge further believed that the state's expert testified out of the scope of her expertise, but nonetheless would find that allowing the testimony amounted to harmless error "because the offending testimony verged on inconsequential and because the evidence of guilt was overwhelming." *Id.*

Constitution or the Constitution of the United States * * *, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 14} The Ohio Supreme Court has held that "a trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 15} To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonable representation, and (2) had counsel performed competently, there was a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where, as here, the petition is based on alleged ineffective assistance of counsel, the petitioner bears the initial burden "to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980).

{¶ 16} "'Debatable trial tactics do not establish ineffective assistance of counsel.'" *State v. Snyder*, 5th Dist. Licking No. 2008-CA-25, 2009-Ohio-2473, ¶ 32, quoting *State v. Hoffner*, 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, ¶ 45. "Trial counsel's failure to request an expert is a 'debatable trial tactic,' and does not amount to ineffective assistance of counsel." *Id.*, citing *State v. Thompson*, 33 Ohio St.3d 1, 9, 514 N.E.2d 407 (1987) (trial counsel's failure to obtain a forensic pathologist to "rebut" issue of rape was not ineffective assistance of counsel); *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 97-99 (trial counsel's failure to request funds for a DNA expert, an alcohol and substance-abuse expert, a fingerprint expert, and an arson expert did not amount to ineffective assistance of counsel because appellant's need for experts was "highly speculative" and counsel's choice "to rely on cross-examination" of prosecution's expert was a "legitimate tactical decision"); *State v. Yarger*, 6th Dist. Huron No. H-97-014, 1998 Ohio App. LEXIS 1837 (May 1, 1998) (trial counsel's failure to hire an expert medical doctor to rebut state's expert witness was not ineffective assistance of trial counsel); *State v. Rutter*, 4th Dist. Hocking No. 02CA17, 2003-Ohio-373, ¶ 19, 28 (trial counsel's failure to hire an accident reconstructionist did not amount to ineffective assistance of counsel).

{¶ 17} In sum, standing alone, "the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel." *State v. Nicholas*, 66 Ohio St.3d 431, 436, 613 N.E.2d 225 (1993), citing *Thompson* at 10-11; *see also State v. E.T.*, 2019-Ohio-1204, 134 N.E.3d 741, ¶ 71 (10th Dist.) ("It was

reasonable trial strategy for appellant's counsel to rely on cross-examination without calling an expert witness."); *State v. Hayes*, 8th Dist. Cuyahoga No. 93785, 2010-Ohio-5234, ¶ 32.

{¶ 18} Here, in denying Butts's PCR petition, the trial court found that defense counsel's decision to not present Dr. McPherson as an expert was a tactical one. Specifically, the trial court noted that Dr. McPherson's report corroborated the state's expert on many points and counsel could have reasoned that her testimony presented a considerable risk of bolstering the state's case. Further, if the defense called Dr. McPherson it would not have been able to subject her to cross-examination.

{¶ 19} The trial court additionally found that "[t]he testimony on grooming conduct and criticisms of the police interviewing techniques, at best, marginally touch on the issue of delayed disclosure." The trial court concluded that "[t]aken with the overwhelming evidence of [Butts's] guilt independent of expert testimony, * * * the decision to not call Dr. McPherson as a witness was a reasonable and strategic decision by defense counsel and was not ineffective assistance of counsel."

{¶ 20} We agree with the trial court's decision. Dr. McPherson's report indeed corroborated the state's expert in part. For example, the state's expert witness testified about delayed disclosure in child sexual abuse cases to explain to the jury why the victim here waited until years to disclose Butts's abuse. Dr. McPherson likewise opined about delayed disclosure in her report:

> Delayed disclosure is a generally accepted phenomenon in child sexual abuse. It is not indicative of credibility of the specifics of the disclosure, nor does it reflect a lack of validity. * * * The [state's] expert reports documenting the delay and asserting it was not an unusual occurrence are supported in the research to date.[3]

Exhibit No. 1 PCR petition, p. 7, record at 79.

{¶ 21} And while Dr. McPherson's report provided some potentially favorable material for the defense, it was woven alongside potentially damaging material. For example, Dr. McPherson stated that although she believed the investigating detective's interview of the victim was "severely flawed," she went on to explain that:

> However, it is not possible to conclude that what was said was a false report, only to note that given the relatively extreme deviations from good investigative interviewing techniques generally and sexual abuse assessment interviews specifically, the process created potentials for significant distortion. In this context, however, it can be noted that memory for central events is more likely to be robust than memory for detail.

*Id.*

{¶ 22} In sum, Butts's counsel made a tactical decision to vigorously cross-examine the state's experts rather than present Dr. McPherson, whose report contained potentially damaging opinions for the defense and, in some respects, corroborated the state's case. Butts failed to present sufficient operative facts to demonstrate the lack of competent counsel and prejudice. Further, in this court's previous review of Butts's convictions, it was found that the evidence of his guilt was

---

[3] The specific state expert reports that Dr. McPherson referenced were those of social worker Kristi Mouncey and SANE nurse Angelita Olowu.

"overwhelming." *Butts*, 8th Dist. Cuyahoga No. 108381, 2020-Ohio-1498, ¶ 27; *id.* at ¶ 59 (E.A. Gallagher, J., concurring in judgment only); *Butts*, 8th Dist. Cuyahoga No. 108381, 2020-Ohio-5011, ¶ 18.

{¶ 23} The trial court did not abuse its discretion in denying his PCR petition; its decision was supported by some competent, credible evidence. Butts's assignment of error is therefore overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY EILEEN KILBANE, P.J., and
EMANUELLA D. GROVES, J., CONCUR