[Cite as *State v. Thompson*, 2024-Ohio-5910.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                  :

                         No. 113671

                         :

    v.                                   :

TORRY THOMPSON,                                   :

    Defendant-Appellant.                 :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 19, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-668512-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mason P. McCarthy, Assistant Prosecuting Attorney, *for appellee.*

Mary Elaine Hall, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Torry Thompson ("Thompson"), entered a negotiated plea and was sentenced to eight years in prison on a felonious-assault count and 12-months on having weapons while under disability ("HWUD") count,

which were to be served consecutively. The trial court also imposed a prior and consecutive one-year mandatory prison sentence for a firearm specification associated with the felonious assault base charge for a total stated definite prison term of ten years. Thompson now appeals and requests a new trial or modification of his consecutive sentences. For the reasons that follow, we affirm.

**Procedural History and Facts**

{¶ 2} On May 9, 2022, Thompson was indicted on two counts of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (A)(2), respectively. These counts contained one-year, 18-month, three-year, and 54-month firearm specifications as well as notices of prior conviction and repeat violent offender specifications. Additionally, Thompson was indicted on one count of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2). This count carried with it one-year and 18-month firearm specifications. On January 17, 2024, Thompson pleaded guilty to one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1), with a one-year firearm specification pursuant to 2941.141(A); and one count of having weapons while under disability. The parties agreed to a sentencing range of five to ten years. The trial court sentenced Thompson to ten years, which included two, one-year consecutive sentences. The trial court made no mention of the Reagan Tokes tail and did not impose an indefinite sentence.

{¶ 3} On February 27, 2024, Thompson appealed and raised the following assignments of error.

**Assignment of Error No. 1**

[Defense counsel] rendered ineffective assistance of counsel to [Thompson], in violation of the Sixth Amendment, the due process clause of the Fourteenth Amendment to the U.S. Constitution and in violation Article I Section 10 and the due course of law clause of Article I Section 16 to the Ohio Constitution, when [they] failed to provide expert testimony and a report on Firearms and Toolmark Testimony.

**Assignment of Error No. 2**

[Defense counsel] rendered ineffective assistance of counsel to [Thompson], in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution, and in violation of Article I Section 10 to the Ohio Constitution, when [they] failed to withdraw from the negotiated plea agreement pursuant to Crim.R. 32.1, before the trial court sentenced [Thompson] and when they failed to inform him that he was being sentenced for [felonious assault, a second-degree felony,] and another felony, HWUD, under the Reagan Tokes Law [pursuant to] R.C. 2929.14(A)(2)(a) and 2929.144, which rendered [Thompson]'s guilty pleas "unintelligent, unknowing[,] and involuntary."

**Assignment of Error No. 3**

The trial court below committed plain error when [it] failed to inform [Thompson] of the R.C. 2929.19(B)(2)(c) notifications, that he was being sentenced for [felonious assault, a second-degree felony,] and HWUD, another felony, under the Reagan Tokes Law [pursuant to] R.C. 2929.14(A)(2)(a) and 2929.144 at the sentencing hearing before [it] accepted his guilty pleas, and in the journal entry dated [January 30, 2024], which rendered [Thompson's] guilty pleas "unintelligent, unknowing[,] and involuntary."

## Law and Analysis

{¶ 4} For ease of discussion, we will address both allegations of ineffective assistance of counsel jointly. Thompson argues that he was deprived of his constitutional right to effective assistance of counsel. Thompson contends that his defense counsel was deficient for failing to (1) secure an expert witness, (2) withdraw

from the negotiated plea agreement, and (3) object or clarify the record during the sentencing hearing.

{¶ 5} "To establish a claim of ineffective assistance of counsel, [Thompson] must demonstrate that (1) his counsel was deficient in some aspect of his representation and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *In re S.A.,* 2019-Ohio-4782, ¶ 46, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984). Thus, "'the failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel.'" *Id.,* quoting *State v. Davenport*, 2018-Ohio-2933, ¶ 25 (8th Dist.), citing *Strickland* at 697.

{¶ 6} Courts considering whether an attorney's performance fell below an objective standard of reasonableness "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. A defendant establishes prejudice by showing that "there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *State v. Davis*, 2020-Ohio-309, ¶ 10.

{¶ 7} Trial counsel's questionable trial strategies do not establish ineffective assistance of counsel. *State v. Butts*, 2024-Ohio-665, ¶ 16 (8th Dist.), quoting *State v. Snyder*, 2009-Ohio-2473, ¶ 32 (5th Dist.), quoting *State v. Hoffner*, 2004-Ohio-3430, ¶ 45. "Trial counsel's failure to request an expert is a 'debatable trial tactic,' and does not amount to ineffective assistance of counsel." *Id.,* quoting *State v. Synder,* 2009-Ohio-2473. Moreover, "'[t]he failure to do a futile act cannot be the

basis for a claim of ineffective assistance of counsel, nor could such a failure be prejudicial.'" *State v. Nelson*, 2017-Ohio-5568, ¶ 79, quoting *State v. Knox*, 2013-Ohio-1662, ¶ 20 (8th Dist.), citing *State v. Ford*, 2007-Ohio-5722, ¶ 9 (8th Dist.).

{¶ 8} Here, Thompson alleges that he received ineffective assistance of counsel because his attorney failed to provide expert testimony, although defense counsel did file a motion in limine to exclude the State's expert witness and report on firearms and toolmark testimony. Thompson avers that there was a reasonable probability that an expert would have aided in his defense. However, Thompson did not proceed to trial; rather, he entered a negotiated plea. Thompson fails to demonstrate how a defense expert would have changed this outcome.

{¶ 9} Thompson also alleges he received ineffective assistance of counsel because his attorney failed to withdraw his plea, object, or clarify the record when the trial court did not advise Thompson that he was being sentenced under a qualifying felony subject to the Reagan Tokes Law. Notably, the trial court did not impose an indefinite sentence by including a Reagan Tokes tail. Thus, Thompson again fails to demonstrate how defense counsel's conduct was deficient and how the outcome would have been different.

{¶ 10} Having failed to demonstrate the requirements to prevail in an ineffective-assistance-of-counsel claim, Thompson's first and second assignments of error are overruled.

{¶ 11} In Thompson's third assignment of error, Thompson alleges that the trial court committed plain error when it failed to provide Reagan Tokes Law

advisements during the sentencing hearing. Thompson claims that this plain error affected his substantial rights.

{¶ 12} The party asserting plain error under Crim.R. 52(B) must show that (1) an error occurred, (2) the error was plain, and (3) the error affected his substantial rights. *State v. Bond*, 2022-Ohio-4150, ¶ 17, citing *State v. Wilks*, 2018-Ohio-1562, ¶ 52, and Crim.R. 52(B). The Ohio Supreme Court has interpreted the third "prejudice" prong of the rule to mean that the trial court's error must have affected the outcome of the trial. *Id.*, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "[C]orrecting a plain error may be done only in 'exceptional circumstances to prevent a manifest miscarriage justice.'" *Id.* at ¶ 18, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 13} Here, Thompson fails to demonstrate that a substantial right was affected when the trial court failed to provide Reagan Tokes advisements. Nor is this an exceptional circumstance where correction is required to prevent a manifest injustice; indeed, the trial court did not impose a Reagan Tokes tail to Thompson's sentence. Consequently, Thompson's third assignment of error is overruled and his conviction is affirmed.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)