[Cite as *State v. Holling*, 2025-Ohio-385.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JAMES CHARLES HOLLING, | : | Case No. 2024CA00048 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of Common Pleas, Case No. 2020 CR 0104

JUDGMENT: Affirmed

DATE OF JUDGMENT: February 6, 2025

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

By: VICKI L. DESANTIS
Assistant Prosecuting Attorney
Appellate Division
110 Central Plaza South, Ste. 510
Canton, Ohio 44702-1413

For Defendant-Appellant

D. COLEMAN BOND
116 Cleveland Ave. NW
Suite 600
Canton, Ohio 44702

*Baldwin, P.J.*

{¶1}   The appellant, James Charles Holling, appeals the judgment of the trial court revoking the appellant's community control sanctions and sentence. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}   On February 21, 2020, the Stark County Grand Jury indicted the appellant with one count of Aggravated Possession of Drugs in violation of R.C. §2925.11(A).

{¶3}   On April 13, 2020, the appellant entered into a plea of guilty to one count of Aggravated Possession of Drugs in violation of R.C. §2925.11(A). The trial court sentenced the appellant to three years of community control sanctions with the Stark County Probation Department. He was to abide by the terms and conditions of the community control sanctions and pay court costs and monitoring fees. He received three notices throughout 2020 for failure to pay fees and costs. The appellant never filed an appeal from his conviction and sentence.

{¶4}   On December 22, 2021, the appellant filed a motion to modify his community control sanctions to allow for his use of medical marijuana for a claimed medical condition.

{¶5}   On January 25, 2022, the appellant's probation officer filed a motion to revoke or modify the appellant's community control sanctions for multiple violations.

{¶6}   In February of 2022, the appellant moved to have his probable cause hearing continued three times.

**{¶7}** On February 28, 2022, the trial court determined the appellant waived his probable cause hearing. The appellant stipulated to the violations. The trial court modified his community control sanctions and ordered him to Oriana House for evaluations.

**{¶8}** On March 18, 2022, the trial court modified the appellant's treatment location to a halfway house. Three days later, the trial court denied the probation officer's motion to revoke.

**{¶9}** On April 26, 2022, the probation officer filed a motion to revoke or modify the prior order as the appellant has absconded from the treatment program. The trial court issued an arrest warrant.

**{¶10}** On April 29, 2022, the sheriff arrested the appellant.

**{¶11}** On May 9, 2022, the trial court held a probable cause hearing. At the hearing, the appellant admitted to violating the terms of his community control sanctions. The trial court, again, denied the motion to revoke and referred the appellant to the Stark Regional Community Correction Center upon bed availability.

**{¶12}** On March 28, 2023, the trial court ordered the appellant to serve an additional year of community control sanctions for his violations. The judgment entry states:

> Defendant, James Charles Holling, was granted 3 Years Intensive Supervision on 4/13/2020, after conviction for Aggravated Possession of Drugs F3. Now comes Probation Officer TIM. J. MURRAY stating Probation should be extended an additional 1 Year(s) for the following reasons(s)(sic): The Defendant violated condition 17b of his probation by failing to abstain from all alcoholic beverages and drugs during his probation term.

The Defendant has failed to maintain sobriety.

{¶13} On August 11, 2023, the appellant filed a motion to terminate his community control sanctions and requested to be allowed to use medical marijuana.

{¶14} On August 15, 2023, the trial court denied the motion. However, in its judgment entry the trial court stated it would allow the appellant to forward any medical marijuana information to the court for a final determination. The appellant did not appeal this order, nor did he provide medical marijuana information to the trial court.

{¶15} On December 20, 2023, the appellant's probation officer filed another motion to revoke or modify a former order for the appellant's failure to report as instructed, absconding from supervision, failing to maintain sobriety, failing to complete community service, and failing to obtain full-time employment. The trial court issued a bench warrant.

{¶16} On February 13, 2024, the appellant was arrested.

{¶17} On March 4, 2024, the trial court held a probable cause hearing.

{¶18} On March 11, 2024, the trial court held an evidentiary hearing.

{¶19} On March 18, 2024, the trial court sentenced the appellant to twenty-four months in prison, giving the appellant credit for 264 days.

{¶20} On April 11, 2024, the appellant appealed the March 18, 2024, judgment entry.

{¶21} The appellant herein raised the following two assignments of error:

{¶22} "I. THE TRIAL COURT'S JUDGMENT ENTRY CONTAINS A CLERICAL ERROR, AND THIS MATTER SHOULD BE REMANDED TO THE TRIAL COURT TO CORRECT THAT CLERICAL ERROR PURSUANT TO CRIM.R. 36."

**{¶23}** "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

## I.

**{¶24}** In the appellant's first assignment of error, the appellant argues we should remand the case for the trial court to correct a clerical error. We disagree.

### STANDARD OF REVIEW

**{¶25}** Crim.R. 52(A) defines harmless error as "[a]ny defect, irregularity, or variance which does not affect substantial rights shall be disregarded." We will conduct a harmless error analysis on whether or not the clerical error was harmless.

### ANALYSIS

**{¶26}** Crim.R. 36 states, "[c]lerical mistakes in judgments, order, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

**{¶27}** "A clerical error or mistake refers to ' "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." ' " *State v. Miller*, 2010-Ohio-5705, ¶15, quoting *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶19, quoting *State v. Brown*, 2000-Ohio-1660 (3rd Dist.).

**{¶28}** "[A} trial court lacks the authority to reconsider its own valid, final judgment in a criminal case, with two exceptions: (1) when a void sentence has been imposed and (2) when the judgment contains a clerical error." *Miller* at ¶14; Crim.R. 36. In other words, the trial court has the authority to correct clerical errors in its own judgment entries.

**{¶29}** In the case *sub judice*, the trial court issued a judgment entry stating that the appellant stipulated to the probation violation and waived an evidentiary hearing. The record is clear that the trial court held the evidentiary hearing, and the appellant did not stipulate to violations. In the evidentiary hearing, the trial court listed the appellant's violations, the evidence the trial court relied on, and the reason for revoking his community control sanctions.

**{¶30}** Clerical errors do not involve a legal decision or judgment; as such, they are harmless and not for this court to reverse. Assuming, *arguendo*, these errors do not constitute clerical errors, the appellant has failed to show how the error affected his substantial rights or how he has been prejudiced by this error. The appellant does not challenge the manifest weight nor the sufficiency of the evidence leading to the trial court's finding that he violated his community control sanctions. Therefore, we find the trial court stating in its judgment entry that the appellant stipulated to violations and waived an evidentiary hearing are harmless.

**{¶31}** Accordingly, the appellant's first assignment of error is overruled.

## II.

**{¶32}** In the appellant's second assignment of error, the appellant argues that his trial counsel was ineffective for not arguing the trial court lacked subject matter jurisdiction to revoke the appellant's community control sanctions. We disagree.

### STANDARD OF REVIEW

**{¶33}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136 (1989). These

cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that but for counsel's unprofessional error, the outcome of trial would have been different. *Id.*

**{¶34}** Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 1998-Ohio-343.

**ANALYSIS**

**{¶35}** The appellant argues that his trial counsel was ineffective for failing to appeal the March 28, 2023, judgment entry extending the appellant's community control and for failing to challenge the trial court's jurisdiction at an evidentiary hearing in March of 2024.

**{¶36}** First, we address our jurisdiction to hear the appellant's argument regarding trial counsel's failure to appeal the March 28, 2023, judgment entry extending the appellant's community control. The appellant did not file a timely appeal from the March 28, 2023, judgment entry, and in the case *sub judice* has not filed a request for delayed appeal from that judgment entry. The appellant did not include the March 28, 2023, judgment entry in the notice of appeal. App.R. 3(D) states, "[t]he notice of appeal … shall designate the judgment, order or part thereof appealed from." "An appellate court is

'without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.' " *State v. Dixon*, 2004-Ohio-1593 (9th), ¶7; quoting *Slone v. Bd. of Embalmers & Funeral Directors of Ohio*, 123 Ohio App.3d 545 (8th Dist. 1997). Accordingly, we are without jurisdiction to address the argument of the trial counsel's failure to challenge the March 28, 2023, judgment entry.

**{¶37}** Next, the appellant also argues that the trial counsel was ineffective for failing to argue the trial court lacked subject matter jurisdiction. The appellant argues this case is similar to *State v. Carpenter*, 2009-Ohio-4759 (5th Dist.). In *Carpenter*, the trial court extended the defendant's community control without notice or a hearing. After the initial period of community control, but before the extended period expired, the trial court revoked his probation and sentenced the appellant to prison. On appeal, the defendant argued that the trial court lacked the subject matter jurisdiction to convict the appellant since the trial court extended his community control without notice or a hearing. This Court found that the trial court had subject matter jurisdiction because the appellant failed to appeal the judgment entry extending community control. *Id.*

**{¶38}** On March 28, 2023, the trial court extended the appellant's community control sanctions for one year without notice or a hearing. The appellant's community control sanctions originally would have terminated in April of 2023. The appellant did not challenge the trial court's extension, nor did he appeal from the trial court's judgment entry extending the appellant's community control. Just as in *State v. Carpenter*, because the March 28, 2023, judgment entry still has not been challenged, the trial court has subject matter jurisdiction to revoke the appellant's community control sanctions and sentenced

the appellant to prison. Therefore, the appellant has not shown how trial counsel's performance fell below an objective standard of reasonable representation.

**{¶39}** Accordingly, the appellant's second assignment of error is overruled.

## CONCLUSION

**{¶40}** Based on the foregoing, the decision of the Stark County Court of Common Pleas is, hereby, affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.