[Cite as *State v. Garcia-Gutierrez*, 2026-Ohio-1901.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-07-081 |
| vs. | : | OPINION AND JUDGMENT ENTRY 5/26/2026 |
| FERMIN GARCIA-GUTIERREZ, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2024-04-0463

Michael T. Gmoser, Butler County Prosecuting Attorney, and Stephen M. Wagner, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

## **O P I N I O N**

**SIEBERT, J.**

{¶ 1} Fermin Garcia-Gutierrez appeals the sentence imposed by the trial court after he pled guilty to murder. In his sole assignment of error, Garcia Gutierrez asserts his sentence is contrary to law because the trial court imposed "Lifetime Parole

supervision."[1] Garcia-Gutierrez's arguments are well taken. While the State presents a logical counter argument, this court's precedent is clear—a trial court does not have the statutory authority to impose lifetime parole supervision. But we take this opportunity to clarify our precedent as it relates to the nature of an error by the trial court in sentencing a defendant to "lifetime parole supervision."

## Background

{¶ 2} The facts of this case for purposes of this appeal are simple. Police originally arrested and charged Garcia-Guiterrez with aggravated possession of methamphetamine, obstruction, and multiple gun offenses. However, Garcia-Gutierrez later confessed to detectives that he murdered his housemate. A second indictment with various charges, including murder, followed. Garcia-Gutierrez pled guilty to murder and a firearm specification from the second indictment. All other charges were dismissed.

{¶ 3} The court imposed an indefinite mandatory minimum term of 15 years in prison and a maximum term of life imprisonment. *See* R.C. 2929.02(B)(1). In addition, the trial court sentenced him to a mandatory and consecutive three-year term for the firearm specification. Finally, the trial court's judgment stated in relevant part:

> As to Count(s) Four:
>
> The Defendant is notified that, as part of this sentence, on Court Four, if the Defendant is ever to be released from prison, the sentence includes Lifetime Parole supervision by the Adult Parole Authority, pursuant to Ohio Revised Code 2967.13 and any prison term for violation of parole.

{¶ 4} This appeal followed.

## Standard of Review and Applicable Law

{¶ 5} Garcia-Gutierrez asserts his sentence is contrary to law. R.C.

---

1. Garcia-Gutierrez originally asserted two assignments of error on appeal but filed a motion to withdraw his first assignment of error on February 11, 2026. This court granted that motion on February 17, 2026.

2953.08(G)(2)(b). That is our standard of review. *Id.*

{¶ 6} Under Ohio law, "whoever is convicted of or pleads guilty to murder . . . shall be imprisoned for an indefinite term of fifteen years to life." R.C. 2929.02(B)(1). Generally speaking, when the offender had or used a gun during the offense, an additional three-year mandatory term of imprisonment is required. R.C. 2929.14(B)(1)(a)(ii); R.C. 2941.145. Importantly, "a prisoner serving consecutively two or more sentences in which an indefinite term of imprisonment is imposed becomes eligible for parole upon the expiration of the aggregate of the minimum terms of the sentences." R.C. 2967.13(C). If placed on probation, the Adult Parole Authority "may grant a final release" to a paroled prisoner, but "in the case of a paroled prisoner whose sentence is life imprisonment, the authority shall not grant a final release earlier than five years after the paroled prisoner is released from the institution on parole." R.C. 2967.16(A).

{¶ 7} In construing these statutes, we previously held that a trial court does not have the statutory authority to impose lifetime parole supervision because the relevant statutes only discuss parole *eligibility*—as determined by the Adult Parole Authority—and do not provide for lifetime parole supervision. *State v. Smith*, 2021-Ohio-2982, ¶ 42-43 (12th Dist.); *State v. Delehanty*, 2023-Ohio-337, ¶ 102 (12th Dist.). In *Smith*, we deemed the trial court's imposition of "mandatory lifetime supervision" on parole a "clerical error[ ]" that "'may be corrected by the court at any time.'" *Id.* at ¶ 43. In *Delehanty*, we held the trial court similarly erred when its sentencing entry informed Delehanty that she "'*shall* be subject to the supervision of the Adult Parole Authority upon her release from prison for the remainder of her life.'" (Emphasis in original.) *Delehanty* at ¶ 101. We vacated the defendant's sentence on other grounds but noted "upon remand the court may appropriately advise [Delahanty] concerning [parole] supervision upon release." *Id.* at ¶ 101-102.

**Analysis**

{¶ 8} Garcia-Gutierrez's argument on appeal is simple. He asserts the trial court's sentence, specifically its imposition of "Lifetime Parole supervision," is contrary to Ohio law and merits reversal because there is no statute that requires such supervision for a murder offender.

{¶ 9} Applying *Smith* and *Delehanty* to the facts of this case, the trial court's imposition of "Lifetime Parole supervision" is contrary to the law. Under Ohio law, Garcia-Gutierrez will become eligible for parole after he serves 18 years in prison after serving the minimum sentence for murder as well as his mandatory sentence for the related firearm specification. R.C. 2929.02(B)(1); R.C. 29229.14(B)(1)(a)(ii); R.C. 2967.13(C). If he were granted parole, the Adult Parole Authority may grant him a final release no sooner than five years after being placed on parole. R.C. 2967.16(A). But again, none of these statutes provide for the *imposition* of lifetime parole supervision by the trial court.

{¶ 10} Nonetheless, the State argues the trial court's sentence complied with Ohio law because if Garcia-Gutierrez is released on parole, but the Adult Parole Authority never grants him a final release, he will be subject to parole supervision for the rest of his life. The State therefore asserts *Smith* found "clerical error where none existed."

{¶ 11} Upon revisiting the issue, we conclude the State is correct that the trial court in Smith did not make a "clerical error." A clerical error or mistake is a "mistake or omission, that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester,* 2011-Ohio-5204, ¶ 18. Ohio courts are authorized to correct clerical errors as well as "errors in the record arising from oversight or omission" because such errors are harmless and do not affect the substantial rights of a defendant. Crim.R. 36; Crim.R. 52(A); *State v. Holling*, 2025-Ohio-385, ¶ 30 (5th Dist.).

{¶ 12} Here, the at issue error must be more than a clerical mistake because the

imposition of "Lifetime Parole supervision" is, as discussed above, contrary to law. Such an error cannot be a harmless error because it affects Garcia-Gutierrez's substantial right to not have a "lifetime" of parole supervision erroneously imposed by the trial court and enforced by the Ohio Department of Rehabilitation and Corrections (which is required to enforce even erroneous sentences). *See State v. Henderson*, 2020-Ohio-4784, ¶ 42 (finding "[t]he separation-of-powers doctrine prohibits the executive branch of government from overriding a court's judgment about what the law requires in a particular case—even if the court errs in its judgment and even if the error was fairly obvious"). Therefore, we overrule *Smith* to the extent that it holds the imposition of lifetime parole supervision constitutes a "clerical error."

{¶ 13} We disagree with the State's conclusion that the trial court did not err at all. The State is correct that the Adult Parole Authority has broad discretion to issue final release to a paroled prisoner, and unless it does so, a prisoner paroled after being sentenced to an indefinite life sentence *could* remain subject to parole supervision for his entire lifetime. R.C. 2967.16(A). However, that is not what the trial court's order stated. The notification at issue in the trial court's judgment began with an indication of notification ("Defendant is notified"). That indication is followed by a condition ("if the Defendant is ever to be released from prison"). But critically, that condition is followed by a clause that indicates imposition ("the sentence includes Lifetime Parole supervision").

{¶ 14} From the record before us, we are—at best—uncertain whether the trial court intended to impose lifetime parole supervision on Garcia-Gutierrez or whether it intended to merely notify him of the potential parameters of parole supervision if he was ever released from prison. The former, as discussed above, is contrary to Ohio law. The latter, while permissible (if summarized clearly and accurately), is not required. "[T]he better practice for a sentencing court would be to use the specific language" of the

relevant sentencing statute. *State v. Leegrand*, 2022-Ohio-3623, ¶ 5-9, R.C. 2929.02(B)(1).

{¶ 15} Judgment reversed and remanded for proceedings consistent with this Opinion.

HENDRICKSON, P.J., and M. POWELL, J., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, reversed and remanded for proceedings consistent with the above Opinion.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Mike Powell, Judge*

*/s/ Melena S. Siebert, Judge*