[Cite as *State v. Jones*, 2025-Ohio-346.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. CT2024-0086 |
| | : | |
| JAMES A.R. JONES | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2022-0201



JUDGMENT:                    AFFIRMED




DATE OF JUDGMENT ENTRY:      February 3, 2025




APPEARANCES:


For Plaintiff-Appellee:                  For Defendant-Appellant:

RONALD L. WELCH                          JAMES A. R. JONES, PRO SE
MUSKINGUM CO. PROSECUTOR                 #A799214
JOSEPH PALMER                            P.O. Box 540
27 N. 5th St., Ste. 201                  St. Clairsville, OH 43950
Zanesville, OH 43701

*Delaney, P.J.*

{¶1}  Appellant James A. R. Jones appeals from the July 9, 2024 Journal Entry of the Muskingum County Court of Common Pleas overruling his motion to withdraw his guilty plea.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  A statement of the facts underlying appellant's conviction is not necessary to our resolution of this appeal.  This case arose from appellant's involvement in a series of bank robberies and attempted bank robberies throughout multiple jurisdictions, while on post-release control.

{¶3}   The following procedural history is adduced from our opinion at *State v. Jones*, 2023-Ohio-3930 (5th Dist.), *appeal not allowed,* 2024-Ohio-1832 [*Jones I*].

{¶4}  On May 3, 2022, the Muskingum County Grand Jury indicted appellant upon one count of engaging in a pattern of corrupt activity, a first-degree felony in violation of R.C. 2923.32(A)(1), and four counts of robbery, a second-degree felony in violation of R.C. 2911.02(A)(2). Appellant appeared for his arraignment hearing on May 3, 2022, and was represented by defense trial counsel. Appellant entered into a plea agreement with appellee wherein he waived prosecution by indictment and was arraigned upon a bill of information.  *Jones I,* ¶ 2.

{¶5} The plea agreement stated appellant agreed to enter a guilty plea to all counts in exchange for a jointly-recommended prison term of 15 years. The parties also stipulated to the findings necessary for imposition of consecutive sentences.  *Id.,* ¶ 3.

{¶6} At the change-of-plea hearing on May 3, 2022, the trial court accepted appellant's guilty pleas. Appellant waived a pre-sentence investigation and elected to

proceed with sentencing. The trial court sentenced appellant on Count One to a minimum mandatory prison term of 11 years and an indefinite prison term of 16.5 years. On Counts Two through Five, the trial court sentenced appellant to a mandatory prison term of four years for each count, to be served concurrently. The prison term for Count One was to be served consecutively to the prison term for Counts Two through Five. Accordingly, the trial court sentenced appellant to an aggregate minimum mandatory prison term of 15 years and an indefinite prison term of 20.5 years. *Id., ¶* 5.

{¶7}    In February 2023, appellant filed a "Motion for Order Granting Public Record – Post Discovery Request Disclosure from Muskingum County Prosecutors Office" arguing he should have postconviction discovery because defense trial counsel failed to obtain discovery from appellee before advising him to plead guilty to the Bill of Information. Appellant argued his guilty plea was not knowingly, intelligently, or voluntarily given because his trial counsel did not have any discovery. Appellant stated he had a justiciable claim that entitled him to the public records. The trial court overruled the motion, appellant appealed, and we affirmed the trial court's decision. *Id., ¶* 17.  The Ohio Supreme Court declined jurisdiction of the appeal.  *Id.*

{¶8}  On July 13, 2024, appellant filed a "Motion for Withdrawal of Plea of Guilty, With Supporting Affidavits and Evidence, Ohio Crim.R. 32.1," arguing he received ineffective assistance of defense trial counsel because counsel failed to investigate the allegations before advising appellant to plead guilty and did not obtain discovery from appellee. Appellant further implied trial counsel should have filed a motion to suppress evidence, summarily stating "Counsel did not interview defendant before recommending a plea, nor did counsel recognize the illegal seizure and custodial interrogation of

defendant," without providing any factual support for this assertion. Appellant's sworn affidavit accompanying his motion states, e.g., he was arrested on April 27, 2022 and held until his arraignment on May 3, 2022; he met with defense trial counsel that morning, who advised him to plead guilty without reviewing any discovery or discussing any possible defenses.

{¶9} The trial court overruled appellant's motion to withdraw his guilty plea by Judgment Entry on July 9, 2024.

{¶10} Appellant now appeals from the trial court's decision of July 9, 2024.

{¶11} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶12} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND FAILED TO LIBERALLY CONSTRUE JAMES A.R. JONES' ARGUMENTS IN HIS 32.1 MOTION TO WITHDRAW GUILTY PLEA, WHEN IT DENIED THE MOTION TO WITHDRAW WITHOUT MAKING A DETERMINATION WHETHER GRANTING THE MOTION IS NECESSARY TO CORRECT A MANIFEST INJUSTICE, OR GRANTING AN EVIDENTIARY HEARING, IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT[S] OF THE U.S. CONSTITUTION."

{¶13} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION TO WITHDRAW WHERE THE EVIDENCE WAS SUFFICIENT, TO SHOW THE PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY GIVEN DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL. IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENT, WHERE COUNSEL FAILED TO FILE FOR

DISCOVERY/SEEK DISCOVERY, INVESTIGATE FACTS OF THE CASE, CONSIDER SENTENCING 'NUANCES,' PRESENT EXCULPATORY EVIDENCE, PROPERLY ADVISE DEFENDANT ON WHETHER TO ACCEPT PLEA OFFER." (*Sic throughout.*)

**ANALYSIS**

**I., II.**

{¶14} Appellant's two assignments of error are related and will be considered together.  He argues the trial court should have permitted him to withdraw his guilty pleas.  We disagree.

{¶15} We understand appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Jones I,* ¶ 10, citing *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.); additional citation omitted.  We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005-Ohio-6494, ¶ 4 (8th Dist.) (internal quotation omitted).  As addressed infra, appellant did not raise the arguments in his first assignment of error, i.e. deficiencies with the plea colloquy, before the trial court. Appellant's arguments in his second assignment of error are a reframing of his arguments in *Jones I*: he received ineffective assistance of counsel, thereby invalidating his guilty plea, because defense trial counsel did not receive discovery. Moreover, appellant fails to support his arguments with reference to the record where applicable. In the interest of justice, we will address the merits of appellant's arguments to the extent possible.

{¶16} Crim.R. 32.1 provides that a trial court may grant a defendant's post sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore,

"[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. *Accord, State v. Ahmed*, 2018-Ohio-181, ¶ 15 (5th Dist.). "A 'manifest injustice' is a 'clear or openly unjust act,' *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 2010-Ohio-3604, ¶ 7 (1st Dist.), *citing Kreiner* at 208 and *Smith* at 264. The term 'has been variously defined, but it is clear that under such standard, a post sentence withdrawal motion is allowable only in extraordinary cases.' *Smith* at 264." *State v. Straley*, 2019-Ohio-5206, ¶ 14.

{¶17} Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith,* 49 Ohio St.2d at 264, *citing Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir. 1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See, State v. Ketterer*, 2010-Ohio-3831, ¶ 59.

{¶18} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard. *Smith* at paragraph two of

the syllabus; *State v. Francis*, 2004-Ohio-6894, ¶ 32; *State v. Straley,* 2019-Ohio-5206, ¶ 15.

{¶19} In his first assignment of error, appellant contends the trial court erred in denying his motion to withdraw because the trial court failed to properly advise him of the rights he waived by pleading guilty during the sentencing hearing in violation of Crim.R. 32. Appellant failed to raise this argument in the motion to withdraw before the trial court and we are therefore not required to address the argument. See, *Republic Steel Corp. v. Bd. Of Revision*, 175 Ohio St. 179 (1963).

{¶20} Conveniently, appellant failed to support his claims by filing the record of the change-of-plea and sentencing hearing, which would also prevent us from reviewing same. Fortunately, appellee attached the record of the change-of-plea and sentencing hearing to its brief as an exhibit. After reviewing the record, we find appellant fails to demonstrate a reasonable and legitimate basis for withdrawal of the guilty pleas on the basis of the Rule 11 colloquy. The record indicates that during the plea hearing, the trial court performed a proper Crim.R. 11 colloquy and advised appellant of all constitutional and nonconstitutional rights he was waived by entering pleas of guilty. Appellant's challenges to the plea hearing colloquy asserted in his affidavit are not borne out by the record of the hearing.

{¶21} In his second assignment of error, appellant asserts ineffective assistance of counsel rendered his guilty pleas involuntary. This Court has recognized that an abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment

reaches an end or purpose not justified by reason and the evidence. *State v. Harris*, 2024-Ohio-2993, ¶ 20 (5th Dist.), citing *State v. Firouzmandi,* 2006-Ohio-5823, ¶ 54 (5th Dist.).

{¶22} "A manifest injustice occurs when a plea is not knowing, voluntary, and intelligent." *State v. Spivakov*, 2013-Ohio-3343, ¶ 14 (10th Dist.), citing *State v. Williams*, 2004-Ohio-6123, ¶ 9 (10th Dist.). "Ineffective assistance of counsel may constitute manifest injustice requiring post-sentence withdrawal of a guilty plea" where counsel's errors affected the knowing and voluntary nature of the plea. *Spivakov* at ¶ 13, citing *State v. Tovar*, 2012-Ohio-6156, ¶ 9 (10th Dist.).

{¶23} "To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel was deficient and that the deficient performance prejudiced him." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In cases seeking the withdrawal of a plea, the second prong of the ineffective-assistance test requires the defendant to 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Columbus v. Akbar*, 2016-Ohio-2855, ¶ 10 (10th Dist.), quoting *State v. Ketterer*, 2006-Ohio-5283, ¶ 89.

{¶24} Appellant's claim again fails on the merits because he did not meet his burden of demonstrating a manifest injustice due to ineffective assistance of counsel causing him to not enter his plea knowingly, intelligently, and voluntarily. First, appellant has not shown his counsel was deficient. Appellant asserts counsel should have sought discovery and explored defenses including suppression of relevant evidence.[1] On this

---

[1] Failure to file a motion to suppress does not constitute per se ineffective assistance of counsel and amounts to ineffective assistance only when the record demonstrates that the motion would have been successful if made. See, *State v. Madrigal,* 87 Ohio St.3d 378, 389 (2000). There is no such evidence in the record before us.

record, defense counsel's recommendation was within the exercise of reasonable professional judgment. *Strickland* at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *State v. Murray*, 2016-Ohio-4994, ¶ 28 (12th Dist.) (finding trial counsel's negotiation of a beneficial plea deal and advice to accept the negotiated plea deal rather than proceeding to trial on the charges and facing the possibility of multiple convictions and a significantly longer prison sentence was not deficient).

{¶25} Second, appellant failed to show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. When given the opportunity to express concerns about defense trial counsel, appellant told the trial court judge he was satisfied with his representation. T. 11. He agreed he was pleading guilty voluntarily, freely, and of his own volition and that he signed, understood, and agreed with the plea form that indicated no person coerced him into pleading guilty. T 12-19.

{¶26} Appellant expressed his knowing, voluntary, and intelligent agreement to plead guilty within the safeguards of Crim.R. 11. On this record, appellant has not demonstrated the alleged ineffective assistance of counsel prejudiced him. *State v. Moncrief*, 2008-Ohio-4594, ¶ 14 (10th Dist.) [holding the trial court did not abuse its discretion by refusing to permit appellant to withdraw his guilty plea where the "appellant's bare allegations of coercion are contradicted by his own statements" to the trial court]; *State v. Johnson*, 2018-Ohio-1656, ¶ 14 (6th Dist.), quoting *State v. Whiteman*, 2003-Ohio-2229, ¶ 20 (11th Dist.) ["'a defendant's own self-serving allegations are insufficient to rebut a record demonstrating that the plea was properly made.' "]. Therefore, because

appellant failed to set forth sufficient facts showing his counsel was deficient or that the alleged deficient performance prejudiced him, appellant failed to demonstrate a manifest injustice based on the claim that his plea was not knowingly, intelligently, and voluntarily made due to ineffective assistance of counsel.

{¶27} Further, the doctrine of res judicata bars appellant from raising issues of ineffective assistance of counsel that could have been addressed in a motion for post-conviction relief. Res judicata bars appellant from raising claims of ineffective assistance that occurred both "on-the-record" (direct appeal) and "off-the-record" (postconviction relief) in the instant Crim.R. 32.1 motion. *State v. Walters*, 2013-Ohio-772, ¶ 15 (4th Dist.). "[M]atters outside the record that allegedly corrupted the defendant's choice to enter a guilty or no contest plea so as to render that plea less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are proper grounds for post-conviction relief pursuant to R.C. 2953.21 and that the availability of that relief removes defendant's claims from the type of extraordinary circumstances that demonstrate a manifest injustice, which is required for Crim.R. 32.1 relief." *State v. Nawman*, 2017-Ohio-7344, ¶ 15 (2d Dist.), internal citations omitted.

{¶28} Appellant could have raised this claim of ineffective assistance on direct appeal; however he did not appeal from his original conviction and sentence. Further, to the extent this issue relies upon evidence outside the record, including conversations between appellant and his counsel, appellant could have asserted this argument through a petition for post-conviction relief, but failed to do so. Therefore, res judicata bars our consideration.

{¶29} A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Walsh*, 2015-Ohio-4135, ¶ 24 (5th Dist.), citing *Spivakov,* 2013–Ohio–3343, supra. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Harris,* 2014–Ohio–2633 (5th Dist.). Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Aleshire,* 2012–Ohio–16 (5th Dist.). Further, a hearing is not required if the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. *Walsh,* supra.

{¶30} The decision whether to hold a hearing on a post-sentence motion to withdraw a guilty plea is left to the discretion of the trial court. *State v. Smith,* 49 Ohio St.2d 261 (1977). Therefore, this Court's review of the trial court's decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion. *Harris,* supra.

{¶31} In this case, we find the trial court did not abuse its discretion in ruling on appellant's motion to withdraw without conducting a hearing on the motion. The allegations contained in the motion were insufficient in this case to demonstrate a manifest injustice.  Because we have already concluded that res judicata bars consideration of the merits of the issues raised by appellant, the trial court was not required to hold an evidentiary hearing on the motion. Further, as set forth above, the information contained in the limited record presently before us contradicts appellant's allegations. Accordingly, we find no merit to this argument.

{¶32} Appellant has failed to demonstrate that a manifest injustice will occur if his guilty pleas are permitted to stand and we cannot conclude the trial court abused its discretion in denying his motion to withdraw the guilty pleas without a hearing. Thus, appellant's two assignments of error are overruled.

## CONCLUSION

{¶33} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Wise, J. and

King, J., concur.