[Cite as *State v. Feagin*, 2025-Ohio-665.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Andrew J. King, J. |
| -vs- | : | | |
| | : | | |
| ULYSSES L. FEAGIN, II | : | | Case No. 2024 CA 0044 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County
Court of Common Pleas, Case No.
20CR0467N

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    February 21, 2025

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JODIE M. SCHUMACHER    ULYSSES L. FEAGIN, Pro Se
Prosecuting Attorney    #783-954
Richland County, Ohio    Belmont Correctional Institution
    P.O. Box 540
By: MEGAN HOBART    St. Clairsville, Ohio 43950
Assistant Prosecuting Attorney
Richland County, Ohio
38 South Park Place
Mansfield, Ohio 44902

*Baldwin, P.J.*

**{¶1}** The appellant, Ulysses L. Feagin, II, appeals the trial court's decision denying his Motion Requesting Leave to Request Public Records. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On September 3, 2020, the Richland County Grand Jury indicted the appellant on twenty-two counts as follows: Count 1: Trafficking in Heroin in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(6)(e); Count 2: Possession of Heroin in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(6)(d); Count 3: Trafficking in Cocaine in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(4)(c); Count 4: Possession of Cocaine in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(4)(b); Count 5: Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(1)(a); Count 6: Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(1)(a); Count 7: Aggravated Possession of Drugs in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(1)(a); Count 8: Aggravated Possession of Drugs in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(1)(a); Count 9: Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(2)(a); Count 10: Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(2)(a); Count 11: Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(2)(a); Count 12: Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2) and R.C. §2925.03(C)(2)(a); Count 13: Aggravated Possession of Drugs in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(2)(a); Count 14: Aggravated Possession of Drugs in violation of R.C.

§2925.11(A) and R.C. §2925.11(C)(2)(a); Count 15: Aggravated Possession of Drugs in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(2)(a); Count 16: Aggravated Possession of Drugs in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(2)(a); Count 17: Having Weapons Under Disability in violation of R.C. §2923.13(A)(3) and R.C. §2923.13(B); Count 18: Having Weapons Under Disability in violation of R.C. §2923.13(A)(3) and R.C. §2923.13(B); Count 19: Improperly Handling Firearms in a Motor Vehicle in violation of R.C. §2923.16(B) and R.C. §2923.16(I); Count 20: Improperly Handling Firearms in a Motor Vehicle in violation of R.C. §2923.16(B) and R.C. §2923.16(I); Count 21: Carrying a Concealed Weapon in violation of R.C. §2923.12(A)(2) and R.C. §2923.12(F)(1); and Count 22: Carrying a Concealed Weapon in violation of R.C. §2923.12(A)(2) and R.C. §2923.12(F)(1).

{¶3} Counts one through sixteen each carried two one-year firearm specifications pursuant to R.C. §2941.141(A) and two specifications for forfeiture of a gun in a drug case pursuant to R.C. §2941.1417(A). Counts seventeen through twenty-two each carried two specifications for forfeiture of a gun in a drug case pursuant to R.C. §2941.1417(A).

{¶4} The appellant entered a plea of not guilty to the indictment on December 1, 2020.

{¶5} On September 20, 2021, the matter proceeded to trial. The jury found the appellant guilty on all charges.

{¶6} On December 13, 2021, the appellant filed a direct appeal of his conviction wherein he raised five assignments of error. *State v. Feagin*, 2022-Ohio-3641 (5th Dist.).

{¶7} On October 12, 2022, this Court affirmed the Judgment of the trial court. *Id.*

**{¶8}** On October 24, 2022, the appellant filed a motion for reconsideration, which was denied by this Court on November 7, 2022.

**{¶9}** On November 30, 2022, the appellant filed a Notice of Appeal to the Supreme Court.

**{¶10}** On January 19, 2023, the appellant filed a delayed application for reopening pursuant to App.R. 26(B), which this Court denied on January 31, 2023.

**{¶11}** On February 23, 2023, the Supreme Court of Ohio declined jurisdiction.

**{¶12}** On March 3, 2023, the appellant filed a notice of appeal with the Supreme Court of Ohio, appealing this Court's judgment entry denying the appellant's application for reopening pursuant to App.R. 26(B). The Supreme Court of Ohio declined jurisdiction on May 23, 2023.

**{¶13}** On December 1, 2022, the appellant filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence.

**{¶14}** On January 13, 2023, the trial court denied the appellant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence.

**{¶15}** On May 6, 2024, the appellant filed a Motion for the Release of Public Records requesting dash camera video and documentation from his arrest on July 6, 2020.

**{¶16}** On June 26, 2024, the trial court denied the appellant's Motion for the Release of Public Records.

**{¶17}** The appellant timely filed a notice of appeal and herein raises the following two assignments of error:

**{¶18}** "I. APPELLANT'S MEMORANDUM TO SUPPORT THAT THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION REQUESTING LEAVE TO REQUEST RECORDS."

**{¶19}** "II. TRIAL COURTS [sic] ABUSED ITS DISCRETION AND GIVES THE APPEARANCE OF IMPROPRIETY TO PURPOSELY IMPEDE THE APPELLANT BY USING THE FACT FINDINGS AND CONCLUSION [sic] OF THE LAW TO MODIFY THE FINDINGS OF FACTS OF THE PREVIOUS POST-CONVICTION AND ARE OUTSIDE THE SCOP OF THE MOTION FOR LEAVE TO FILE PUBLIC RECORDS REQUEST."

## I.

**{¶20}** In the appellant's first assignment of error, the appellant argues that the trial court abused its discretion, denying his motion requesting leave to request records. We disagree.

### STANDARD OF REVIEW

**{¶21}** "Abuse of discretion" implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### ANALYSIS

**{¶22}** R.C. §149.43(B)(8) states:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation

or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.

**{¶23}** The Ohio Supreme Court has described R.C. §149.43(B)(8) as "broad and encompassing" and as "clearly set[ting] forth heightened requirements for inmates seeking public records." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶14. A justifiable claim does not exist where an inmate fails to identify "any pending proceedings with respect to which the requested documents would be material * * *." *State v. Atakpu*, 2013-Ohio-4392 (2nd Dist.), ¶9, citing *State v. Gibson*, 2007-Ohio-7161 (2nd Dist.), ¶14.

**{¶24}** " '[I]t is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.' " *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶29, quoting *State ex. rel. Fant v. Tober*, 1993 WL 173743 (8th Dist.).

**{¶25}** In the case *sub judice*, the appellant failed to identify a pending proceeding with respect to which the requested records would be material. Therefore, the trial court did not abuse its discretion by denying the appellant's Motion for the Release of Public Records.

**{¶26}** Accordingly, the appellant's first assignment of error is overruled.

## II.

**{¶27}** In the appellant's second assignment of error, the appellant argues the trial court abused its discretion by modifying findings of fact in a previous post-conviction entry. We disagree.

### ANALYSIS

**{¶28}** It appears the appellant is arguing that a footnote in the trial court's June 26, 2024, Judgment Entry amended its prior judgment entry, which denied the appellant's petition for post-conviction relief. The trial court never issued a new judgment entry denying the appellant's petition for post-conviction relief. Crim.R. 36 grants the trial court the authority to issue a *nunc pro tunc* entry to correct a final judgment in a criminal case when the judgment contains a clerical error. *State v. Holling*, 2025-Ohio-385 (5th Dist.), ¶28; *State v. Mitchell*, 2020-Ohio-3417 (11th Dist.), ¶81.

**{¶29}** In the case *sub judice*, the trial court does note an inaccuracy in the judgment entry denying the appellant's petition for post-conviction relief. However, the trial court did not issue a *nunc pro tunc* entry modifying its judgment entry. As the trial court never issued a new judgment entry, denying the appellant's petition for post-conviction relief, it did not abuse its discretion.

**{¶30}** Accordingly, the appellant's second assignment of error is overruled.

## CONCLUSION

{¶31} Based on the foregoing, the decision of the Richland County Court of Common Pleas is, hereby, affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.