[Cite as *State v. Jones*, 2025-Ohio-1863.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2025-0025 |
| JAMES A.R. JONES | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0201

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 23, 2023

APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. PALMER
27 North Fifth St.
Zanesville, OH 43701

For Defendant-Appellant

JAMES A.R. JONES PRO SE
#A799214
Belmont Correctional Institution
Box 540
St. Clairsville, OH 43950

*Popham, J.,*

**{¶1}** Defendant-Appellant James A.R. Jones ("Jones") appeals the February 20, 2025, Judgment Entry of the Muskingum County Court of Common Pleas which overruled his Request for Leave to Request Public Records.

*Facts and Procedural History*

**{¶2}** On May 3, 2022, the Muskingum County Grand Jury indicted Jones on one count of engaging in a pattern of corrupt activity, a first-degree felony in violation of R.C. 2923.32(A)(1), and four counts of robbery, second-degree felonies under R.C. 2911.02(A)(2). That same day, Jones appeared for arraignment with counsel and entered a plea agreement with the State, waiving indictment and proceeding on a bill of information. *State v. Jones*, 2023-Ohio-3930, ¶ 2 (5th Dist.), *appeal not allowed*, 2024-Ohio-1832 ("*Jones I*").

**{¶3}** Under the agreement, Jones pled guilty to all counts in exchange for a jointly recommended 15-year prison term. The parties also stipulated to the findings necessary for consecutive sentences. *Id.* at ¶ 3.

**{¶4}** At the plea hearing, the trial court accepted Jones' pleas. Jones waived a presentence investigation report, and the trial court proceeded directly to sentencing. Jones received an indefinite prison term with a mandatory minimum length of 11 years and a maximum length of 16.5 years on Count One. On Counts Two through Five, the trial court imposed four-year mandatory terms, to run concurrently. The sentence on Count One was ordered to run consecutively, resulting in an indefinite prison term with an aggregate minimum length of 15 years and a maximum length of 20.5 years.

{¶5}   On February 23, 2023, Jones filed a motion seeking post-conviction discovery, arguing his plea was involuntary because defense counsel failed to obtain discovery before advising him to plead guilty. The trial court denied the motion, and this Court affirmed. *Jones I*, ¶ 17. The Supreme Court of Ohio declined jurisdiction. *State v. Jones,* 2024-Ohio-1832 (Table).

{¶6}   On June 13, 2024, Jones filed a Crim.R. 32.1 motion to withdraw his plea, alleging ineffective assistance of counsel for failing to investigate the charges or obtain discovery. He also suggested counsel should have moved to suppress evidence, claiming, without support, that his arrest and interrogation were unlawful. Jones attested via affidavit that he was arrested on April 27, 2022, and met with counsel for the first time on May 3, 2022, just before pleading guilty.

{¶7}   On July 9, 2024, the trial court overruled Jones' Crim.R. 32.1 motion, and this Court affirmed that decision in February of this year. *State v. Jones,* 2025-Ohio-346, (5th Dist.) ("*Jones II*")[1].

{¶8}   On July 11, 2024, Jones filed a "Request for Leave to Request Public Records" under R.C. 149.43(B)(8), seeking documents from the prosecutor and Zanesville Police regarding their investigation, his arrest, and prosecution. He again argued that his plea was not knowing, intelligent, or voluntary due to counsel's failure to obtain discovery.

---

[1] On February 24, 2025, Jones filed a discretionary appeal with the Supreme Court of Ohio, which on May 13, 2025, declined jurisdiction. 2025-Ohio-1682.

{¶9} On July 15, 2024, this Court dismissed Jones' mandamus action against Zanesville Mayor Donald Mason for failure to name a proper respondent and to properly caption the complaint. *Jones v. Mayor Donald Mason*, 5th Dist. No. CT2024-0068.

{¶10} On February 20, 2025, the trial court denied Jones' July 11, 2024, request for leave to request public records, finding that Jones "does not have a pending matter seeking relief" and that the issues had been previously litigated.

{¶11} On February 25, 2025, this Court dismissed Jones' second mandamus action seeking public records in which Jones named the Muskingum County Court of Common Pleas as respondent, again citing improper party designation. *Jones v. Muskingum County CPC*, 5th Dist. No. 2025-0018.

{¶12} On February 26, 2025, Jones filed another motion to withdraw his plea, attaching his affidavit, the plea agreement, and waiver of indictment. He alleged newly discovered evidence, claiming his signature had been forged on the waiver and plea documents. He submitted two versions of the plea documents, including one filed by the State in *Jones II*, to show signature discrepancies. On February 27, 2025, the trial court denied this second motion to withdraw plea.[2]

{¶13} Jones now appeals the trial court's February 20, 2025, decision denying his request for leave to obtain public records.

{¶14} Jones, pro se, raises one assignment of error:

*Assignment of Error*

{¶15} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT' [SIC.] REQUEST FOR LEAVE TO REQUEST PUBLIC RECORDS.

---

[2] Jones has appealed this decision in *State v. Jones,* 5th Dist. No. CT2025-0032.

JONES HAD A JUSTICIABLE CLAIM PENDING AT THE TIME THE REQUEST FOR LEAVE TO REQUEST PUBLIC RECORDS WAS FILED IN THE FORM OF A 32.1 MOTION TO WITHDRAW GUILTY PLEA. IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION.

### *Pro se appellants*

{¶16} We understand that Jones has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). *See also State v. Hall*, 2008-Ohio-2128, ¶ 11 (11th Dist.). We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005-Ohio-6494, ¶ 4 (8th Dist.) (internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972) (pleadings prepared by prisoners who do not have access to counsel should be liberally construed); *McNeil v. United States,* 508 U.S. 106, 113 (1993) (same); *Houston v. Lack*, 487 U.S. 266 (1988) (some procedural rules must give way because of the unique circumstance of incarceration). *See also State v. Harris*, 2024-Ohio-2993, ¶¶ 9 – 10 (5th Dist.).

{¶17} Although in a pro se action this Court allows latitude to the unrepresented defendant in the presentation of his case, this Court is not required to totally throw the Rules out the window. *See Wellington v. Mahoning Cty. Bd. of Elections,* 2008-Ohio-554, ¶ 18. (A substantial disregard of the rules cannot be tolerated).

{¶18} This Court does not have discretion and must disregard facts, arguments, or evidence presented in the appellate brief when those facts, arguments or evidence were not presented to the trial court. In *State v. Hooks*, 92 Ohio St.3d 83 (2001), the

Supreme Court of Ohio noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402 (1978)." It is also a longstanding rule that "the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty*, 1980 WL 350992 (4th Dist., Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59 (10th Dist. 1963). New material and factual assertions contained in any brief in this court may not be considered. *See North v. Beightler*, 2006-Ohio-6515, ¶ 7, *quoting Dzina v. Celebrezze*, 2006-Ohio-1195, ¶ 16. Therefore, we have disregarded facts in the parties' briefs that are outside of the record. *State v. Stevens*, 2023-Ohio-2736, ¶¶ 16-18 (5th Dist.).

## ASSIGNMENT OF ERROR I.

{¶19} After reviewing Jones' brief including his contentions, we have interpreted his sole assignment of error as follows: "the trial court abused its discretion in denying Jones' request for leave to request public records."

### Standard of Appellate Review

{¶20} "Through the passage of R.C. 149.43(B)(8), '[t]he General Assembly clearly evidenced a public-policy decision to restrict a convicted inmate's unlimited access to public records in order to conserve law enforcement resources.' *State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 14. To that end, 'R.C. 149.43(B)(8) requires an incarcerated criminal offender who seeks records relating to the inmate's criminal prosecution to obtain a finding by the sentencing judge or the judge's successor that the requested information is necessary to support what appears to be a

justiciable claim.' *State ex rel. Fernbach v. Brush*, 133 Ohio St.3d 151, 2012-Ohio-4214, 976 N.E.2d 889, ¶ 2." *State v. Rodriguez*, 2014-Ohio-2583, ¶ 13 (12th Dist.).

**{¶21}** "An inmate may seek appellate review of a trial court's denial of his request for public records.  This type of order is reviewed for an abuse of discretion.  *State v. Shontee,* 2nd Dist. Montgomery No. 29433, 2022-Ohio-4319, ¶ 7, *citing State v. Lather*, 6th Dist. Sandusky No. S-08-036, 2009-Ohio-3215, ¶ 11, *citing State ex rel. Rittner v. Barber*, 6th Dist. Fulton No. F-05-020, 2006-Ohio-592, ¶ 31." *Jones I*, 2023-Ohio-3930, ¶15.

**Issue for Appellate Review**: *Whether the trial court abused its discretion by overruling Jones' request for leave to request public records*

**{¶22}** "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus,* 2003-Ohio-5599, ¶ 26; *State ex rel. Jones v. Husted*, 2016-Ohio-5752, ¶ 21 (citations omitted).

**{¶23}** Most of the records requested by Jones relate to his arrest and prosecution for the crimes for which he pled guilty and was sentenced.  He also sought the office's current records retention schedules; community policing training manuals; and books, guidelines, standards, policies, procedures, and protocols for the Zanesville Police Department.  They are the same records Jones attempted to obtain in his two mandamus actions.

**Jones' Records Request**

**{¶24}** The trial court record that is before this Court indicates that on April 21, 2025, Jones filed a petition to vacate, or set aside, judgment of conviction and sentence.

Jones' April 21, 2025, filing contains an affidavit, in which Jones acknowledges that he has since received the requested documents. He attests:

> 10. James A.R. Jones asserts that David Tarbert (Law Director) of Zanesville OH sent in response to my public records request: witness statements, co-defendant statements, and supplementary police reports from the Zanesville Police Department.
>
> 11. James A.R. Jones asserts that I received these records from David Tarbert (Law Director) of Zanesville OH in August of 2024 here at Belmont Correctional Institution.

**{¶25}** Jones also attached witness statements, police reports and supplemental police reports to his motion.

**{¶26}** Courts may take judicial notice of mootness. As the Supreme Court of Ohio has held, "an event that causes a case to be moot may be proved by extrinsic evidence outside the record." *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000), *quoting Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472 (1992). *Accord, Miner v. Witt,* 82 Ohio St. 237, 239 (1910). *See also State v. Lawless,* 2018-Ohio-1471, ¶ 18 (5th Dist.); *State v. Williams*, 2020-Ohio-77, ¶ 15 (5th Dist.).

**{¶27}** Because certain requested documents were provided, any claim of error in denying the request for those records is moot.

**{¶28}** As to any remaining documents requested from the Muskingum County Prosecutor's Office, this Court has repeatedly held that "a [justiciable] claim does not exist where an inmate fails to identify 'any pending proceeding with respect to which the requested documents would be material * * *.' *State v. Benson*, 5th Dist. Guernsey No.

22CA00005, 2022-Ohio-2126, 2022 WL 2236244, ¶ 22 *quoting State v. Atakpu*, 2nd Dist. Montgomery No. 25232, 2013-Ohio-4392, ¶ 9, *citing* [*State v. Gibson*, 2007-Ohio-7161, ¶ 14 (2d Dist.)]". *Jones I,* 2023-Ohio-3930, ¶14. *See also State v. Mack,* 2024-Ohio-665, ¶23 (5th Dist.); *State v. Feagin,* 2025-Ohio-665, ¶23 (5th Dist.).

**{¶29}** In review, as noted above, on June 13, 2024, Jones filed a motion to withdraw his guilty plea. On July 9, 2024, the trial court denied that motion. On July 11, 2024, Jones subsequently filed his request for leave to request public records, the trial court's denial of which is the issue presently before this Court. On July 11, 2024, no proceeding was pending in which the documents would be material. As such, Jones cannot make a showing that there existed a pending proceeding, or justiciable claim, on that date. So, of course, on February 20, 2025, the trial court denied Jones' July 11, 2024, request for leave to request public records. Likewise, there was no justiciable claim on the date the trial court issued its decision denying the motion, because Jones did not file his subsequent motion to withdraw his plea until February 26, 2025.

**{¶30}** Because Jones failed to identify any pending proceeding on July 11, 2024, to which the requested records related, the trial court did not abuse its discretion by denying Jones's motion for leave to request public records.

**Conclusion**

**{¶31}** Because most of the records Jones requested have already been provided to him, his request is moot. As to any remaining documents, Jones failed to demonstrate that they were material to a pending proceeding or that they supported a justiciable claim, as required by R.C. 149.43(B)(8). Therefore, the court did not abuse its discretion in denying Jones' motion for leave to request public records.

**{¶32}** Jones' sole assignment of error is overruled.

**{¶33}** The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Popham, J.,

Baldwin P.J., and

Gormley, J., concur