[Cite as *State v. Jones*, 2025-Ohio-4489.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0064 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2022-0201 |
| JAMES A.R. JONES | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry:  September 26, 2025 |

**BEFORE:** CRAIG R. BALDWIN, P.J.; KEVIN W. POPHAM, J.; DAVID M. GORMLEY, J., Appellate Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; JAMES A.R. JONES, Pro Se, Defendant-Appellant

OPINION

*Popham, J.*

{¶1}    Appellant James A.R. Jones appeals the June 27, 2025, judgment entry of the Muskingum County Court of Common Pleas overruling his "Request for Leave to Request Public Records."  Appellee is the State of Ohio.  For the reasons outlined below, we affirm.

*Facts & Procedural History*

{¶2}    On May 3, 2022, the Muskingum County Grand Jury indicted appellant on one count of engaging in a pattern of corrupt activity, a first-degree felony in violation of

R.C. 2923.32(A)(1), and four counts of robbery, second-degree felonies under R.C. 2911.02(A)(2). That same day, appellant appeared with counsel for arraignment and entered a plea agreement with the State, waiving indictment and proceeding on a bill of information. *State v. Jones*, 2023-Ohio-3930, ¶ 2 (5th Dist.), *appeal not allowed*, 2024-Ohio-1832 (Table). Under the agreement, appellant pled guilty to all counts in exchange for a jointly recommended 15-year prison term. *Id.* at ¶ 3.

{¶3} The trial court proceeded directly to sentencing during which the court sentenced appellant to an indefinite prison term with an aggregate minimum length of 15 years and a maximum length of 20.5 years.

{¶4} On February 23, 2023, appellant filed a motion seeking postconviction discovery, arguing his plea was involuntary because defense counsel failed to obtain discovery before advising him to plead guilty. The trial court denied the motion, and this Court affirmed. *Id.* at ¶ 17. The Supreme Court of Ohio declined jurisdiction. *State v. Jones*, 2024-Ohio-1832 (Table).

{¶5} On June 13, 2024, appellant filed a motion to withdraw his plea, alleging ineffective assistance of counsel for failing to investigate the charges or obtain discovery. The trial court overruled the motion. We affirmed the trial court's decision. *State v. Jones*, 2025-Ohio-346, ¶ 33 (5th Dist.). The Supreme Court of Ohio declined jurisdiction. *State v. Jones*, 2025-Ohio-1682 (Table).

{¶6} In July of 2024, appellant filed a "Request for Leave to Request Public Records" under R.C. 149.43(B)(8), seeking documents from the prosecutor and the Zanesville Police Department regarding the investigation, his arrest, and his prosecution. He again argued that his plea was not knowing, intelligent, or voluntary due to counsel's

failure to obtain discovery. On February 20, 2025, the trial court denied the motion. This Court affirmed the trial court's decision, finding: (1) appellant acknowledged he received at least some of the requested documents, and (2) appellant failed to identify any proceeding pending on July 11, 2024, to which the requested records related. *State v. Jones*, 2025-Ohio-1863 (5th Dist.).

{¶7} On July 15, 2024, this Court dismissed appellant's mandamus action against Zanesville Mayor Donald Mason for the failure to name a proper respondent and the failure to properly caption the complaint. *Jones v. Mayor Donald Mason*, 5th Dist. No. CT2024-0068. This Court also dismissed appellant's mandamus action seeking public records in which appellant named the Muskingum County Court of Common Pleas as the respondent, again citing improper party designation. *Jones v. Muskingum Cty. CPC*, 5th Dist. No. 2025-0018.

{¶8} On February 26, 2025, Appellant filed another motion to withdraw his plea, alleging his signature had been forged on the waiver and plea documents. The trial court denied the motion. We affirmed the trial court's decision. *State v. Jones*, 2025-Ohio-1925 (5th Dist.). The Supreme Court of Ohio declined jurisdiction. *State v. Jones*, 2025-Ohio-3300 (Table).

{¶9} On April 21, 2025, appellant filed a "Petition to Vacate or Set Aside Judgment of Conviction or Sentence." He again argued counsel was ineffective for failing to conduct pretrial discovery, failing to investigate, and failing to engage in plea negotiations. On April 23, 2025, the State filed a response to the motion and requested the trial court to dismiss or deny appellant's petition. On June 27, 2025, the trial court denied appellant's petition to vacate.

{¶10} On May 8, 2025, appellant filed yet another "Request for Leave to Request Public Records." The public records appellant sought access to in this motion are the same documents he sought access to in his July 2024 motion. These include: (1) any and all documents turned over to the Muskingum County Prosecutor's Office related to the arrest of appellant, including any confidential law enforcement investigatory records; (2) any and all work addresses of public officials involved with the investigation or prosecution of appellant; (3) a complete record of the office's records retention schedule; (4) any and all information, statements, and testimony by witnesses made to the prosecutor; (5) any and all sections of the training manual of the Zanesville Police Department; (6) the "entire investigative file," including police work product and ex parte communications from the Muskingum County Prosecutor and the Ohio Highway Patrol; and (7) any and all "unredacted prosecuting files" from the Muskingum County Prosector's Office. In his motion, appellant argued this information is necessary to support a justiciable claim, i.e., "the determination of whether Jones received ineffective assistance of counsel by [counsel] failing to investigate his case, or obtain any discovery prior to advising him to plead guilty."

{¶11} On June 27, 2025, the trial court denied appellant's May 8, 2025, "Request for Leave to Request Public Records."

{¶12} Appellant appeals the June 27, 2025, judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶13} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S REQUEST FOR LEAVE TO REQUEST PUBLIC RECORDS."

I.

{¶14} Appellant filed his motion pursuant to R.C. 149.43(B)(8), which provides as follows:

A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a *justiciable claim* of the person. (Emphasis added.)

{¶15} The Supreme Court of Ohio described R.C. 149.43(B)(8) as "broad and encompassing" and as "clearly set[ting] forth heightened requirements for inmates seeking public records." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 14. A justiciable claim does not exist where an inmate fails to identify "any pending proceeding with respect to which the requested documents would be material …". *State v. Benson*, 2022-Ohio-2126, ¶ 22 (5th Dist.).

{¶16} We review a trial court's denial of an inmate's request for public records for an abuse of discretion. *State v. Mack*, 2025-Ohio-1990, ¶ 3 (5th Dist.). The term "abuse

of discretion" indicates an attitude that is arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} Appellant's postconviction petition filed on April 21, 2025, contains an affidavit, in which appellant acknowledges that he has received most of the requested documents. Appellant attests:

10. James A. R. Jones asserts that David Tarbert (Law Director) of Zanesville OH sent in response to my public records request: witness statements, co-defendant statements, and supplementary police reports from the Zanesville Police Department.

11. James A.R. Jones asserts that I received these records from David Tarbert (Law Director) of Zanesville OH in August of 2024 here at Belmont Correctional Institution.

{¶18} Jones also attached witness statements, police statements, police reports, and supplemental police reports to his petition. As this Court has previously stated with regards to these records, "because certain requested documents were provided, any claim or error in denying the request for those records is moot." *State v. Jones*, 2025-Ohio-1863, ¶ 27 (5th Dist.).

{¶19} As to any remaining documents requested, appellant must identify a pending proceeding to which the documents would be material. *State v. Benson*, 2022-Ohio-2126 (5th Dist.). Appellant contends the information he seeks in the records request is necessary to support his ineffective assistance of counsel claims contained in his petition for postconviction relief filed on April 21, 2025.

{¶20} After a thorough review of the record, we find appellant has failed to establish any justiciable claim pending for which the various documents he requested would be material. First, as this Court has previously noted in one of appellant's prior appeals, "there is no provision for conducting discovery in the post-conviction process" and "the power to conduct and compel discovery post-conviction is not included within a trial court's statutorily defined authority." *Jones*, 2023-Ohio-3930 at ¶ 12. Further, appellant's guilty plea constitutes a complete admission of guilt. Criminal Rule 11(B)(1). Thus, "any claims pertaining to factual guilt, such as witness statements or text messages, are irrelevant." *State v. Boyle*, 2022-Ohio-2887, ¶ 18 (2nd Dist.).

{¶21} Additionally, as detailed above, this Court has repeatedly addressed and rejected appellant's arguments that (1) he is entitled to discovery for a postconviction motion and (2) ineffective assistance of counsel for the failure to provide him discovery rendered his plea not knowing, intelligent, or voluntary. As a result, the claim appellant seeks to present in his April 2025 postconviction motion (ineffective assistance of counsel for failing to conduct discovery and failing to investigate) is barred by res judicata. *State v. Perry*, 10 Ohio St.2d 175 (1967) "Claims barred by res judicata are not justiciable." *State v. Reid*, 2012-Ohio-1659, ¶ 9 (2nd Dist.).

{¶22} Finally, because appellant "[is] attempting to use R.C. 149.43 as a means of gathering evidence to support his postconviction petition," after his multiple previous appeals, the trial court correctly denied his motion. *State v. Bullitt*, 2016-Ohio-4868, ¶ 7 (8th Dist.); *State ex rel. Scuba v. Simmons*, 2001 WL 409516, *1 (11th Dist.) (because appellant seeks the information for the purpose of postconviction relief, trial court properly denied R.C. 149.43 motion); *State v. Roberts*, 2008-Ohio-3115, ¶ 20 (5th Dist.)

(defendant cannot use R.C. 149.43 to request records to support a postconviction motion or Criminal Rule 33(B) motion after exhausting appeals); *State v. Taylor*, 2016-Ohio-1100, ¶ 28 (2nd Dist.); *State ex rel. Jones v. Vivo*, 2001 WL 950074, *2 (7th Dist.); *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 2006-Ohio-4574, ¶ 11.

{¶23}   Because most of the records have already been provided to appellant, his request is moot.  As to any remaining documents, appellant failed to establish a justiciable claim and thus failed to meet the threshold requirement of a public records request pursuant to R.C. 149.43(B).  Accordingly, the trial court did not abuse its discretion in denying appellant's motion for leave to request public records.  Appellant's assignment of error is overruled.  The judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶24}   For the reasons stated in our accompanying Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs to Appellant.